IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CHRISTY WILLIS                                                       PLAINTIFF

v.                                               CIVIL ACTION NO.: 1:19-cv-00036-GHD-DAS

SEMINOLE FURNITURE, LLC; ALAN
WHITE FURNITURE MFG., INC.; and
RICKY STROUPE                                    DEFENDANTS

ORDER ADOPTING REPORT AND RECOMMENDATION

Presently before the Court in the case *sub judice* is a Report and Recommendation ("R&R") [42] entered by the Magistrate Judge in this matter, striking the answer and defenses of the Defendant Seminole Furniture for failure to obtain counsel to represent its interests in this litigation. While the Defendant Seminole has not objected to the Magistrate's R&R, the Defendant Ricky Stroupe filed a motion seeking to have the Magistrate reconsider the R&R. Upon due consideration, the Court finds that the Magistrate's R&R should be adopted as the order of the Court.

*I.    Standard of Review*

Pursuant to the authority granted it by Congress, the Court has designated magistrate judges to hear and determine "pretrial matter[s] not dispositive of a party's claim or defense." *See* 28 U.S.C. § 636(b)(1)(A)1; Fed. R. Civ. P. 72(a); L.U. Civ. R. 72(d). "A party may serve and file objections to the [Magistrate Judge's] order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "A magistrate judge's non-dispositive order may only be set aside if it 'is clearly erroneous or is contrary to law.'" *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (quoting Fed. R. Civ. P. 72(a)). *See* 28 U.S.C. § 636(b)(1)(A) (magistrate judge's nondispositive orders may be reconsidered "where it has been shown that the magistrate judge's order is clearly

1

erroneous or contrary to law"); L.U. Civ. R. 72(a)(1)(B) ("[n]o ruling of a magistrate judge in any matter which he or she is empowered to hear and determine will be reversed, vacated, or modified on appeal unless the district judge determines that the magistrate judge's findings of fact are clearly erroneous, or that the magistrate judge's ruling is clearly erroneous or contrary to law"). "Under Rule 72(a), 'the district court is not permitted to receive further evidence; it is bound by the clearly erroneous rule in reviewing questions of fact.' " *Moore*, 755 F.3d at 808 n.15 (quoting *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)). The "clearly erroneous" standard requires that the Court affirm the decision of the magistrate judge unless "on the entire evidence [the Court] is left with a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948); *see also* Fed. R. Civ. P. 72(a).

## II. Analysis and Discussion

The Plaintiff filed her original Complaint in this matter on February 15, 2019, with Seminole named as the sole Defendant [1]. Seminole filed its Answer, through counsel, on April 23, 2019 [8]. The Plaintiff then filed an Amended Complaint on September 30, 2019, adding two additional Defendants, both related to Seminole, to the litigation [25]. Less than a week later, on October 3, 2019, Seminole's counsel filed a motion to withdraw as counsel [27]. On October 8, 2019, the Magistrate entered an Order [28] permitting Seminole's counsel to withdraw. On December 3, 2019, after Seminole had failed to procure new counsel, the Magistrate entered an Order [36] ordering Seminole to retain counsel within 30 days, and expressly warning Seminole that failure to comply would result in a recommendation of sanctions, including the striking of

Seminole's answer and defenses to this lawsuit.[1] Despite that Order and the expiration of the allotted time, Seminole has not obtained counsel to represent it in this litigation, nor did Seminole object to the Magistrate's R&R. Accordingly, the Court finds that the Magistrate's R&R is not clearly erroneous or contrary to law and it is hereby adopted as an Order of the Court.

THEREFORE, it is hereby ORDERED that the Magistrate Judge's Report and Recommendation [42] is ADOPTED as an Order of the Court; the answer and defenses of the Defendant Seminole Furniture, LLC, are STRICKEN from the record, and the Plaintiff is GRANTED a period of 14 days from today's date to move for an entry of judgment against Seminole Furniture, LLC.

SO ORDERED, this the 21st day of February, 2020.

_____
SENIOR U.S. DISTRICT JUDGE

---

[1] It is axiomatic that corporate entities such as Seminole cannot appear in a federal court unless they are represented by counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993); *Southwest Express Co. v. ICC*, 670 F.2d 53, 55 (5th Cir. 1982).