IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CHRISTY WILLIS                                    PLAINTIFF

v.                                    CIVIL ACTION NO.: 1:19-cv-00036-GHD-DAS

SEMINOLE FURNITURE, LLC; ALAN
WHITE FURNITURE MFG., INC.; and
RICKY STROUPE                                   DEFENDANTS

### ORDER DENYING MOTION FOR DEFAULT JUDGMENT AND DIRECTING CLERK OF COURT TO ENTER DEFAULT

Presently before the Court is the Plaintiff's motion for default judgment against the Defendant Seminole Furniture, LLC, in this employment discrimination dispute [53]. Upon due consideration, the Court finds that the motion should be denied, as noted herein, because the remaining Defendants are defending this action. The Court does find, however, that a Clerk's Entry of Default should be entered against Seminole Furniture.

On September 30, 2019, the Plaintiff filed an amended complaint against the Defendants, asserting claims for employment discrimination and seeking actual and punitive damages [25]. The Defendant Seminole Furniture was served with process and made an appearance, but since that time has failed to procure counsel to defend this action on its behalf [28, 36, 42 51].[1] The Plaintiff has now filed the present Motion for Default Judgment.

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions upon which default may be entered against a party, as well as the procedure to seek the entry of default judgment. Fed. R. Civ. P. 55. "The Fifth Circuit requires a three-step process for securing a default judgment."

---

[1] It is axiomatic that corporate entities such as Seminole Furniture cannot appear in a federal court unless they are represented by counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993); *Southwest Express Co. v. ICC*, 670 F.2d 53, 55 (5th Cir. 1982).

*Chevron Intell. Prop., L.L.C. v. Mashiana,* No. 4:10–CV–352, 2011 WL 2637372, at *1 (E.D. Tex. June 10, 2011) (citing *New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir.1996)). A default occurs when the defendant fails to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. *Id.* (citing Fed. R. Civ. P. 55(a); *New York Life Ins.,* 84 F.3d at 141). The clerk may then enter an entry of default when default is established by affidavit. *Id.* (*citing* Fed. R. Civ. P. 55(a); *New York Life Ins.,* 84 F.3d at 141). After an entry of default, the plaintiff may seek a default judgment. *Id.* (*citing* Fed. R. Civ. P. 55(b)).

Here, Defendant Seminole Furniture initially appeared, but it failed to maintain representation by licensed counsel to represent it after its initial counsel was allowed to withdraw; as a result, its defenses have been stricken [51], and a Clerk's entry of default is appropriate. *Smith v. Sanders,* No. 3:12-CV-4377-M, 2020 WL 3260489, at *3 (N.D. Tex. May 19, 2020), *report and recommendation adopted,* No. 3:12-CV-4377-M, 2020 WL 3259391 (N.D. Tex. June 15, 2020). A default judgment, however, should not be entered because where, as here, "one of multiple defendants is in default, as a general rule, a decree of default may be entered, but a judgment is withheld pending a decision on the merits as to the other defendants." *Raleigh Cycle Co. of Am. v. Risha,* No. H-84-522, 1987 WL 11889, at *1 (S.D. Tex. May 27, 1987) (citing *Frow v. De La Vega,* 82 U.S. (15 Wall.) 552, 554 (1872)). In *Frow,* the Supreme Court stated that:

> where a [complaint] makes a joint charge against several defendants, and one of them makes default, [a court] is simply to enter a default ... and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike–the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all.

82 U.S. (15 Wall.) at 554; *Grimball v. New Orleans City,* No. 10-3657, 2012 WL 3027921, at *2

(E.D. La. July 24, 2012) (applying *Frow* to avoid the possibility of inconsistent judgments); *American S. Ins. Co. v. Buckley*, No. 1:09-CV-723, 2010 WL 5654105, at *3-5 (E.D. Tex. Dec. 28, 2010), *adopted by* 2011 WL 288604 (Jan. 27, 2011) (same).

Accordingly, the Court finds that a Clerk's entry of default against Seminole Furniture is appropriate, and the Court shall direct the Clerk of Court to enter one, but a default judgment is not proper because the remaining Defendants are presently defending this action.

THEREFORE, it is hereby ORDERED that the Clerk of Court is to DOCKET an Entry of Default against Defendant Seminole Furniture, LLC; the Plaintiff's Motion for Default Judgment [53] is denied.

SO ORDERED, this, 25 day of August, 2020.

_____
SENIOR U.S. DISTRICT JUDGE

3